UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VASHON KELLY**      **CIVIL ACTION**

**VERSUS**      **NO. 06-2333**

**BURL CAIN, WARDEN**      **SECTION: "E" (6)**

## ORDER

Before the Court are two post-judgment motions filed by Petitioner Vashon Kelly: (1) a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure;[1] and (2) a motion to recall the mandate, which Petitioner has filed in conjunction with the aforementioned Rule 60(b) motion.[2] For the reasons stated herein, the motions are **DENIED**.

## LEGAL STANDARD

Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[3]

---

[1] R. Doc. 18.
[2] R. Doc. 17.
[3] Fed. R. Civ. P. 60(b)(1)-(6).

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[4] As the moving party, Kelly has the burden to show why the Court should vacate the Court's prior judgment.[5] The determination of whether Kelly has satisfied his burden lies within this Court's sound discretion.[6]

Granting relief under Rule 60 is "an extraordinary remedy which should be used sparingly."[7] Consequently, the "scope of relief that may be obtained under Rule 60(b) is strictly limited."[8] A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[9]

## ANALYSIS

Plaintiff argues that this Court's judgment of October 28, 2008,[10] which dismissed his federal habeas corpus petition as time-barred, is defective and should be "re-opened" per Rule 60(b).[11] Specifically, Petitioner cites subsections (5) and (6) of Rule 60(b) in arguing that this Court's prior judgment is defective because it relies upon erroneous judgments rendered by the Louisiana Fifth Circuit Court of Appeals.[12]

The Court recognizes that, under *State v. Cordero*,[13] certain judgments of the Louisiana Fifth Circuit Court of Appeals may be defective and worthy of reconsideration. In *Cordero*, the Louisiana Supreme Court adopted a resolution of the Louisiana Fifth

---

[4] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[5] *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011).
[6] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).
[7] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b).").
[8] 12 Moore's Federal Practice § 60.02 (3d ed. 2010).
[9] *Templet*, 367 F.3d at 478.
[10] R. Doc. 14. *See also* R. Doc. 13.
[11] *See* R. Doc. 18 at 4–5.
[12] R. Doc. 18 at 4–5.
[13] *See generally State v. Cordero*, 993 So. 2d 203 (La. 2008) (per curiam).

Circuit Court of Appeals requesting that a number of habeas applications that were denied by the circuit court between February 8, 1994, and May 21, 2007 be remanded.[14] The state supreme court explained that applications denied by the circuit court during that time period may be tainted due to an unjust policy that was in effect, which effectively circumvented the requirement that all state habeas petitions be heard before a three-judge panel.[15] Thus, the supreme court remanded all of the state habeas petitions denied during the above-referenced time period to the Louisiana Fifth Circuit Court of Appeals for reconsideration.[16] One of those petitions was Kelly's.[17]

Nevertheless, the Court finds that its prior judgment dismissing Petitioner's federal habeas corpus petition as time-barred[18] does not warrant reconsideration under Rule 60(b). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner was required to file his federal habeas corpus petition within one year of: (1) the date his conviction became final; (2) the date on which an impediment to filing an application created by state action is removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.[19] The AEDPA provides that the statute of limitations for seeking federal *habeas corpus* is tolled for the period of time during which a properly

---

[14] *Id*. at 204.
[15] *Id*.
[16] *Id*.
[17] *Id*. at 213.
[18] *See* R. Doc. 14; R. Doc. 13.
[19] 28. U.S.C. § 2244(d)(1)(A)-(D), *as amended by* the Anti-Terrorism and Effective Death Penalty Act of 1996.

filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.[20]

Petitioner's conviction became final for AEDPA purposes on July 8, 1998, ninety days after the Louisiana Supreme Court denied his writ application from the direct appeal of his conviction.[21] Thus, Petitioner had one year from that date to file a timely federal habeas corpus petition, unless the limitations period was tolled by a properly filed application for post-conviction relief in the state trial court. Petitioner did not file his first state post-conviction writ application until two years after the federal limitations period elapsed.[22] Thus, there was no tolling of the limitations period between the time the Louisiana Supreme Court denied his writ application and the time the limitations period ran on his on his right to file a federal habeas corpus petition.[23]

Plaintiff argues that this Court's judgment of October 28, 2008, which dismissed his federal habeas corpus petition as time-barred, is defective and should be "re-opened" per Rule 60(b) because it relies upon erroneous judgments rendered by the Louisiana Fifth Circuit Court of Appeals in response to his applications for post-conviction relief in state court.  In reality, this Court's judgment is based on petitioner's untimely filing of his federal habeas corpus petition, nearly two years after the federal limitations period had elapsed, and had nothing to do with the Louisiana Fifth Circuit Court of Appeals responses to his requests for post-conviction relief in state court.[24]

Accordingly;

---

[20] 28 U.S.C. § 2244(d)(2).
[21] *See* R. Doc. 13 at 9.
[22] *See* R. Doc. 13 at 9.
[23] Petitioner has not requested, nor is he entitled to, equitable tolling.
[24] *See* R. Doc. 18 at 2. Petitioner filed his first post-conviction writ application on April 6, 2001.

**IT IS ORDERED** that Petitioner's Rule 60(b) motions[25] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel[26] is **DENIED AS MOOT**.

New Orleans, Louisiana, this 28th day of September, 2015.

> _____
> **SUSIE MORGAN**
> **UNITED STATES DISTRICT JUDGE**

---

[25] R. Docs. 17, 18.
[26] R. Doc. 19.